FILED

UNITED STATES DISTRICT COURT 2013 OCT 15 PH 3: 50
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES, EX REL. MARIE JOHNSON,

    PLAINTIFF/Relator,

VS.                                 CASE NO. 6:13cv1586ov13HBK

COMPASS GROUP USA, INC.,

    Defendant.

_____/

## COMPLAINT; QUI TAM ACTION;
## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff/Relator Marie Johnson, by and through undersigned

Counsel, and files this Complaint and states:

## COUNT 1. PRESENTING FALSE CLAIMS TO GOVERNMENT EMPLOYEES
### 31 U.S.C. § 3729(a)(1)(A)

    1.     Federal question jurisdiction of this Court is invoked pursuant to 28

U.S.C. § 1331 and 1343, and 31 U.S.C. § 3729, et seq. (the False Claims Act).

    2.     This claim arises out of acts undertaken and injuries suffered in this

Federal district and venue is proper pursuant to 28 U.S.C. 1391.

    3.     Plaintiff/Relator, Marie Johnson, is a citizen of the United States and a

resident of Brevard County, Florida. Ms. Johnson brings this action in the capacity as

Relator for the United States government and as Plaintiff in her own right.

    4.     Defendant, Compass Group USA, Inc. (hereinafter "Compass") is a United

States corporation; and, after a reasonable opportunity for further investigation or

discovery, the evidence likely will show that at all times relevant, Compass was under

contract (through a Concession Agreement) with the United States government,

specifically through the National Aeronautic & Space Administration (NASA), an

agency of the United States government, to operate a food concession at the Kennedy

Space Center (KSC) by preparing and serving meals to, inter alia, employees of the United States, members of the Armed Forces of the United States, contractor employees, government invitees, and other intended beneficiaries of the NASA contract.

5.      After a reasonable opportunity for further investigation or discovery, the evidence likely will show that Compass is obligated to seek approval for and receive from the U.S. government, at specified times on a semi-annual basis, approximately 50% of the net revenue accrued from sales of the food.

6.      Plaintiff United States is a party through NASA, other employees of the United States government, and members of the Armed Forces of the United States. Also, Plaintiff/Relator believes that employees of government contractors and invitees of the United States are or should be covered under this law as if they were employees of the United States.

7.      Ms. Johnson was a cook employed by Compass ever since Compass acquired and succeeded the predecessor contractor, Lackmann Culinary Services, Inc., and/or other related Lackmann companies, in or about July 1, 2009, until on or about September 30, 2012. At all times relevant prior to being employed by Compass, she performed the same job for the Lackmann predecessor. Ms. Johnson was employed at all times relevant in the "Headquarters" building until on or about August, 2011, when she was transferred to cook for Compass at the "Space Station" building at KSC.

8.      While working as cook, Ms. Johnson customarily and frequently observed the foodstuffs and the storage, preparation, and serving of the foodstuffs in the building in whichever she was working at the time.

9.      While working as cook, Ms. Johnson frequently observed that regarding the foodstuffs received by Compass in the building in which she was working at the time, Compass knew or should have known that the foodstuffs that were to be kept at a cool temperature (such as meat, eggs, and cheese) were received at an unsafely high

2

temperature; and, these same undercooled perishables were allowed to remain uncooled for even longer amounts of time at the Compass facility.

10.     While working as cook, Ms. Johnson frequently observed that Compass Manager Neil Raver and the Assistant Manager allowed -- and even ordered -- Compass employees to use canned goods that had been received in cans so badly dented that those cans should have been discarded; and, oftentimes had been set aside to be discarded.  In fact, even when some of the unsafe cans had been tossed into a discard bin, those unsafe cans were retrieved from a discard bin by Compass and used.

11.     While working as cook, Ms. Johnson frequently observed that Compass received for use eggs, beef patties, chicken, fish, pork, and other raw protein foods from Compass's Central Prep Kitchen that were way out of date, freezer burnt, and/or otherwise spoiled, but Compass ordered that those spoiled foods be used and not discarded.

12.     While working as cook, Ms. Johnson frequently observed that Compass received for use deli meat, hotdogs, cooked hamburger patties, cheese,  and other processed protein foods from Compass's Central Prep Kitchen that were way out of date, slimy, freezer burnt, discolored, moldy, and/or otherwise spoiled, but Compass ordered that those spoiled foods be used and not discarded.

13.     While working as cook, Ms. Johnson frequently observed that regarding the storage of the foodstuffs in the building in which she was working at the time, Compass knew or should have known that raw chicken, raw pork, and raw fish were being stored uncovered in the cooler; that the blood and other fluids from the raw chicken were dripping down into uncovered containers of raw fish, and the raw pork fluids dripped into an uncovered container of leftover pasta or rice; and, despite the contamination, the contaminated food would be used by Compass.

3

14.     While working as cook, Ms. Johnson frequently observed that when a health inspection was impending, instead of discarding the contaminated raw chicken and meat, Compass Manager Raver ordered Compass employees to cover the raw chicken and fish to deceive the inspector and to lie to the inspector about substandard food, then the contaminated fish and chicken would be served to customers.

15.     While working as cook, Ms. Johnson frequently observed that Compass employees kept large quantities of uncooked hotdogs, raw hamburger, and uncooked chicken tenders out of refrigeration for prolonged and unsafe periods of time for use throughout the day, then return the unused meat to refrigeration instead of discarding the unsafely unrefrigerated meat.

16.     While working as cook, Ms. Johnson frequently observed that Compass employees kept food that had been on the hot-food serving line unheated and out of refrigeration for prolonged and unsafe periods of time, then store the leftover food to refrigeration instead of discarding the unsafely unrefrigerated food.

17.     While working as cook, Ms. Johnson frequently observed that Compass employees kept food that had been on the cold-food serving line uncooled for prolonged and unsafe periods of time, then store the leftover food to refrigeration instead of discarding the unsafely uncooled food.

18.     While working as cook, Ms. Johnson frequently observed that Compass ordered outdated leftovers and other foodstuffs be used in soups, stews, and other dishes.

19.     While working as cook, Ms. Johnson frequently observed that Compass ordered that excessively old and slimy chicken be fried and served.

20.     While working as cook, Ms. Johnson frequently observed that Compass employees handled food without wearing the required hairnets and gloves.

21.     While working as cook, Ms. Johnson frequently observed that Compass employees deceived the health inspector by falsifying dates on foodstuffs, placing

4

inadequately cooled food into the freezer for a quick cooldown just before inspection, lying to the inspector about Compass's substandard foodstuffs and practices, and distracting the inspector so that particular unsafe conditions and foodstuffs would miss inspection.

22.     Ms. Johnson observed the food sales to customers by Compass for most of the food items served by Compass, and she observed that Compass never disclosed that the substandard food it was serving and selling to customers was substandard food.

23.     Ms. Johnson complained at various times to Compass's managers, Gene Coldwell and Neil Raver, and to other Compass employees about Compass's substandard food, but to no avail.

24.     Ms. Johnson complained to NASA * on or about November *, 2012, regarding Compass's frequent and persistent practice of using and serving to NASA employees and NASA contractor employees, plus the contractor employees and government invitees, weeks-old, outdated fish and other food that was or was actually likely to be decayed, contaminated, spoiled, and otherwise unfit for human consumption.

25. The practice by Compass of using and serving the food of which Ms. Johnson complained constituted a clear and imminent danger of severe illness to hundreds of government employees and other people, constituted clear violations of applicable health codes and other laws, and were violations to which Ms. Johnson objected and attempted to prevent.

26.     Ms. Johnson had direct and independent knowledge of the information on which the allegations herein are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information. Ms. Johnson made her complaints -- both orally and in writing -- to those charged with oversight and responsibility for such dangerous conditions.

27.     From the time when Compass took over Lackmann and/or its contract with NASA on or about July 1, 2009, until on or about September 30, 2012, Compass (for approximately 1189 days or 39 months) knowingly presented or caused to be presented -- or engaged in equivalent conduct -- to an officer or employee of the United States, or to a member of the Armed Forces of the United States,; plus the contractor employees and government invitees;  false claims for payment or approval regarding the sale and serving by Compass of the substandard food.

28.     Ms. Johnson observed that as an approximate average, at least one of the three entrees served per day by Compass would be spoiled, contaminated, mishandled, substandard, or otherwise unfit food, which averaged about 100 servings per day.

29.     Ms. Johnson observed that these false claims consisted of the estimated average expenditures by employees of the United States and/or members of the Armed Forces of the United States;  plus, the employees of contractors and government invitees; of $5.00 per serving, or $500.00 per day, or $594,500 for the entire 1189-day period, that Plaintiff/Relator believes were falsely made for substandard food served to employees of the United States and/or members of the Armed Forces of the United States.

30.     After a reasonable opportunity for further investigation or discovery, the evidence likely will show that Compass submitted, or engaged in conduct that was the equivalent of submitting, approximately 100 claims during each of 1189 days, totalling an estimated 118,900 instances wherein a false claim was made in applying for payment for substandard food.  Additionally, Compass effectively submitted fraudulent invoices for payment or approval at each of the times specified by the contract when Compass deposited monies in the revenue account, wherein such monies were obtained by fraud on the United States government through violation of the NASA contract, and obtained by fraud on the government employees, contractors, and invitees who were charged for the unfit food.

6

31.     The United States government and government employees, contractors, and invitees were damaged as a result of Compass's actions as alleged in this Count.

32.     Plaintiff/Relator requests that this Court will:

A.      Enter a judgment against Compass in favor of Plaintiff/Relator and the United States;

B.      Assess civil penalties against Compass in the amount of $10,000.00 for each act or omission of Compass that caused damage to the United States, employees of the United States, members of the Armed Forces of the United States, contractor employees, government invitees, and other intended beneficiaries of the NASA contract;

C.      Assess treble damages of a currently estimated $1,783,500.00 against Compass for damages to the United States, employees of the United States, members of the Armed Forces of the United States, contractor employees, government invitees, and other intended beneficiaries of the NASA contract because of the act or omission of Compass;

D.      Award Plaintiff/Relator and the United States payment of reasonable attorney fees and costs, as provided by 31 U.S.C. § §3729, et seq.; and

E.      award such other relief to the United States and/or to Plaintiff/Relator as the Court may deem proper and just.

## COUNT 2. False Records & Statements Material to FALSE CLAIMS
### 31 U.S.C. § 3729(a)(1)(B)

33.     Plaintiff/Relator realleges Paragraphs 1 through 30 above, and states additionally or alternatively:

34.     From on or about July 1, 2009, until on or about September 30, 2012, Compass has intentionally and knowingly made, used, or caused to be made or used false records and statements to get false or fraudulent claims paid or approved by the United

States.  Specifically, these payments were predicated upon Compass's records and statements such as fraudulent billings, lies to inspectors, postdating unfit food, and revenue deposits presented to the United States, in obtaining money and other valuable consideration intended for serving in the past, and to be used for serving in the future, unfit food eaten by employees of the United States, members of the Armed Forces of the United States, contractor employees, government invitees, and other intended beneficiaries of the NASA contract.

35.    The United States government and government employees, contractors, and invitees were damaged as a result of Compass's actions as alleged in this Count.

36.    Plaintiff/Relator requests that this Court will:

A.    Enter a judgment against Compass in favor of Plaintiff/Relator and the United States;

B.    Assess civil penalties against Compass in the amount of $10,000.00 for each act or omission of Compass that caused damage to the United States, employees of the United States, members of the Armed Forces of the United States, contractor employees, government invitees, and other intended beneficiaries of the NASA contract;

C.    Assess treble damages of a currently estimated $1,783,500.00 against Compass for damages to the United States, employees of the United States, members of the Armed Forces of the United States, contractor employees, government invitees, and other intended beneficiaries of the NASA contract because of the act or omission of Compass;

D.    Award Plaintiff/Relator and the United States payment of reasonable attorney fees and costs, as provided by 31 U.S.C. § §3729, et seq.; and

E.    award such other relief to the United States and to Plaintiff/Relator as the Court may deem proper and just.

8

## COUNT 3. FALSE CLAIMS HOLDBACKS
### 31 U.S.C. § 3729(a)(1)(D)

37.     Plaintiff/Relator realleges Paragraphs 1 through 30 and paragraph 34, and states additionally or alternatively:

38.     At all times relevant, Compass possessed, had and continue to have custody, or control of property (including food, buildings, and other facilities) used or to be used by the Government and, intending to defraud the Government, delivered or caused to be delivered less edible food from those buildings and facilities than the amount for which the United States and its employees, contractors, and invitees were entitled.

39.     The United States government and government employees, contractors, and invitees were damaged as a result of Compass's actions as alleged in this claim.

40.     Plaintiff/Relator requests that this Court will:

A.     Enter a judgment against Compass in favor of Plaintiff/Relator and the United States;

B.     Assess civil penalties against Compass in the amount of $10,000.00 for each act or omission of Compass that caused damage to the United States, employees of the United States, members of the Armed Forces of the United States, contractor employees, government invitees, and other intended beneficiaries of the NASA contract;

C.     Assess treble damages of a currently estimated $1,783,500.00 against Compass for damages to the United States, employees of the United States, members of the Armed Forces of the United States, contractor employees, government invitees, and other intended beneficiaries of the NASA contract because of the act or omission of Compass;

D.     Award Plaintiff/Relator and the United States payment of reasonable attorney fees and costs, as provided by 31 U.S.C. § §3729, et seq.; and

E.    Award such other relief to the United States and to Plaintiff/Relator as the

Court may deem proper and just.

### Demand for Jury Trial

Plaintiff/Relator demands trial by jury on all issues so triable.

Respectfully submitted by:
s/ Mark E. Tietig
Mark E. Tietig
Fla. Bar No. 105465
Tietig & Tietig, P.A.
6065 South Tropical Trail
Merritt Island, FL 32952
(321) 452-9944
Facsimile: (321) 452-6960
mt@tietig.com
Attorney for Plaintiff/Relator Marie Johnson